1  **JASON K. SINGLETON**, State Bar # 166170
   jason@singletonlawgroup.com
2  **RICHARD E. GRABOWSKI**, State Bar # 236207
   rgrabowski@mckinleyville.net
3  **SINGLETON LAW GROUP**
   611 "L" Street, Suite "A"
4  Eureka, CA 95501
   (707) 441-1177
5  FAX: 441-1533

6  Attorneys for Plaintiff, ANNA ESCOBEDO

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10 ANNA ESCOBEDO,                     )  Case No.  **CV 08-01874 PSG**
11                                    )                              **(JCx)**
12        Plaintiff,                  )  <u>Civil Rights</u>
   v.                                 )  **COMPLAINT FOR INJUNCTIVE**
13                                    )  **RELIEF AND DAMAGES: DENIAL OF**
   BIG LOTS STORES, INC., an Ohio     )  **CIVIL RIGHTS OF A DISABLED**
14 corporation, dba BIG LOTS STORE    )  **PERSON IN VIOLATION OF THE**
15 #4054, PNS STORES, INC., a         )  **AMERICANS WITH DISABILITIES**
   California corporation, MIDEB      )  **ACT OF 1990; VIOLATION OF**
16 NOMINEES, INC., a Nevada           )  **CALIFORNIA'S CIVIL RIGHTS**
17 corporation, and DOES ONE TO       )  **STATUTES**
   TEN, inclusive,                    )
18                                    )
19        Defendants.                 )  <u>**JURY TRIAL REQUESTED**</u>
20 _____)

21        Plaintiff **ANNA ESCOBEDO** complains of defendants **BIG LOTS STORES,**

22 **INC.**, an Ohio corporation, dba **BIG LOTS STORE #4054, PNS STORES, INC.,** a

23 California corporation, **MIDEB NOMINEES, INC.,** a Nevada corporation; and

24 **DOES ONE TO TEN, inclusive,** and alleges as follows:

25                        <u>**JURISDICTION AND VENUE**</u>

26        1.    The Court has jurisdiction of this action pursuant to 28 *USC* § 1331 for

27 violations of the *Americans with Disabilities Act of 1990*, (42 *USC* § 12101, *et seq.*)

28 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the

same facts, are also brought under California law, including, but not limited to, violations of *California Health & Safety Code* § 19955, *et seq.*, including *California Code of Regulations,* Title 24, § 19959, *California Civil Code* §§ 51, 51.5, 52(a), 52.1, 54, 54.1, 54.3 and 55.

2.    Venue is proper in this court pursuant to 28 *USC* § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district, in Santa Maria, Santa Barbara County, California, and that Plaintiff's causes of action arose in this district.

## INTRODUCTION

3.    The **BIG LOTS STORE #4054** is located at 1417 S. Broadway, Santa Maria, California.   Said store is owned and operated by defendants **BIG LOTS STORES, INC., PNS STORES, INC., MIDEB NOMINEES, INC., and DOES ONE TO TEN, inclusive**.

4.    Defendants **BIG LOTS STORES, INC., PNS STORES, INC., MIDEB NOMINEES, INC., and DOES ONE TO TEN, inclusive,** operate an establishment for services to the public and at which Defendants failed to provide barrier free access to said establishment in conformity with both Federal and California legal requirements. Further, Defendants failed to provide compliance as follows:

**Entrance**

1.    There is no International Symbol of Accessibility signage at the entrance in violation of California Title 24 §1117B.5.8.1.2, ADAAG 4.30.7*.

**Inside Store**

2.    The aisles inside the store are too narrow for wheelchairs in violation of California Title 24 §1133B.6.2, ADAAG 7.3*(2).

3.    There are no accessible checkout counters in violation of California Title 24 §1122B.4, ADAAG 4.3.1, 7.2(1)(2).

**Women's' Restroom**

4.     The restroom door handles are twist and turn in violation of California Title 24 §1133B.2.5.2, ADAAG 4.13.9*.

5.     There is not enough space to maneuver a wheelchair within the water closet for transfer to the toilet in violation of California Title 24 §1115B.7.(3), ADAAG 4.23.3*.

6.     The hot water pipes under the sink are not insulated or otherwise wrapped in violation of California Title 24 §1115B.2.1.2.2, ADAAG 4.19.4.

7.     The mirror is mounted higher than the maximum allowable height in violation of California Title 24 §1115B.9.1(2), ADAAG 4.19.6*.

8.     The toilet tissue dispenser is too high in violation of California Title 24 §1115B.9.3, ADAAG 4.16.6.

9.     There are no grab bars in the water closet in violation of California Title 24 §1115B.8.1, ADAAG 4.16.4, 4.26.1.

10.    There is no accessible signage on the restroom door in violation of California Title 24 §1115B.5, ADAAG 4.30.7.

11.    The paper towel dispenser is too high in violation of California Title 24 §1115B.9.2, ADAAG 4.23.7.

The above barriers interfered with Plaintiff's access and continue to deter Plaintiff from visiting said facilities, and as a legal result, Plaintiff **ANNA ESCOBEDO** suffers violation of her civil rights to full and equal enjoyment of goods, services, facilities and privileges, and has and will suffer embarrassment and humiliation.

## FACTUAL ALLEGATIONS

5.     Plaintiff **ANNA ESCOBEDO** is, and at all times relevant to this Complaint is, a "physically handicapped person, "physically disabled person," and a "person with a disability," as these terms are used under California law and under federal laws including, but not limited to, Title III of the ***Americans with Disabilities Act of 1990***.  (The terms

1  "physically handicapped person," "physically disabled person," and a "person with a
2  disability" will be used interchangeably throughout this Complaint.)   Plaintiff is a
3  "person with a disability," as defined by all applicable California and United State's laws.
4  Plaintiff **ANNA ESCOBEDO** is severely limited in the use of her legs.

5      6.    Defendants **BIG LOTS STORES, INC., PNS STORES, INC., MIDEB**
6  **NOMINEES, INC., and DOES ONE TO TEN, inclusive,** at all times relevant herein
7  were and are the owners and operators; lessors and/or lessees, franchisers and/or
8  franchisees, of public facilities known as the "**BIG LOTS STORE #4054,**" located at
9  Santa Maria, California, subject to the requirements of California state law requiring full
10  and equal access to public facilities pursuant to *California Health & Safety Code* §
11  19955, *et seq.*, *California Civil Code* §§ 51, 51.5, 52(a), 52.1, 54, 54.1, 54.3 and 55, and
12  subject to Title III of the *Americans with Disabilities Act of 1990*, and to all other legal
13  requirements referred to in this Complaint.   Plaintiff does not know the relative
14  responsibilities of defendants in the operation of the facilities herein complained of, and
15  alleges a joint venture and common enterprise by all such defendants.

16      7.    Defendants **BIG LOTS STORES, INC., PNS STORES, INC., MIDEB**
17  **NOMINEES, INC., and DOES ONE TO TEN, inclusive** (hereinafter alternatively
18  referred to collectively as "defendants"), at all times relevant herein were and are owners,
19  possessors, builders and keepers of the "**BIG LOTS STORE #4054**" in Santa Maria,
20  California.

21      8.    Defendants **BIG LOTS STORES, INC., PNS STORES, INC., MIDEB**
22  **NOMINEES, INC., and DOES ONE TO TEN, inclusive** are the owners and operators
23  of the subject "**BIG LOTS STORE #4054**" at all times relevant to this Complaint.
24  Plaintiff is informed and believes that each of the defendants herein is the agent,
25  employee or representative of each of the other defendants, and performed all acts and
26  omissions stated herein within the scope of such agency or employment or representative
27  capacity and is responsible in some manner for the acts and omissions of the other
28  defendants in legally causing the damages complained of herein, and have approved or

1    ratified each of the acts or omissions of each other defendant, as herein described.

2        9.    Plaintiff **ANNA ESCOBEDO** does not know the true names and capacities

3    of defendants **BIG LOTS STORES, INC., PNS STORES, INC., MIDEB**

4    **NOMINEES, INC., and DOES ONE TO TEN, inclusive**, their business capacities,

5    their ownership connection to the property and business, nor their relative responsibilities

6    in causing the access violations herein complained of, and alleges a joint venture and

7    common enterprise by all such defendants.  Plaintiff is informed and believes that each of

8    the defendants herein, including DOES ONE TO TEN, inclusive, is the agent, ostensible

9    agent, master, servant, employer, employee, representative, franchiser, franchisee, joint

10   venturer, partner, and associate, or such similar capacity, of each of the other defendants,

11   and was at all times acting and performing, or failing to act or perform, with the

12   authorization, consent, permission or ratification of each of the other defendants, and is

13   responsible in some manner for the acts and omissions of the other defendants in legally

14   causing the violations and damages complained of herein, and have approved or ratified

15   each of the acts or omissions of each other defendant, as herein described.  Plaintiff will

16   seek leave to amend this Complaint when the true names, capacities, connections and

17   responsibilities of defendants **BIG LOTS STORES, INC., PNS STORES, INC.,**

18   **MIDEB NOMINEES, INC., and DOES ONE TO TEN, inclusive**, are ascertained.

19       10.    Plaintiff is informed and believes that all named defendants, including

20   DOES ONE TO TEN, inclusive, conspired to commit the acts described herein, or

21   alternatively, aided and abetted one another in the performance of the wrongful acts

22   hereinafter alleged.

23       11.    Defendants **BIG LOTS STORES, INC., PNS STORES, INC., MIDEB**

24   **NOMINEES, INC., and DOES ONE TO TEN, inclusive**, are the owners and operators

25   of "**BIG LOTS STORE #4054,**" located at Santa Maria, California.    This store,

26   including, but not limited to, parking spaces and access aisles and access routes, are each

27   a part of a "public accommodation or facility" subject to the requirements of *California*

28   *Health & Safety Code* § 19955, *et seq.*, and of *California Civil Code* §§ 51, 52(a), 54,

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    -5-

54.1, *et seq.*   On information and belief, this "**BIG LOTS STORE #4054**" was constructed after 1990 which has subjected the "**BIG LOTS STORE #4054**" to handicapped access requirements per *California Health & Safety Code* § 19959, and applicable portions of *California Code of Regulations*, Title 24, (the State Building Code).

12.    On or about February 12, 2008, Plaintiff, **ANNA ESCOBEDO**, visited the "**BIG LOTS STORE #4054**" in Santa Maria, California for the purpose of making a purchase.   Defendants **BIG LOTS STORES, INC., PNS STORES, INC., MIDEB NOMINEES, INC., and DOES ONE TO TEN, inclusive**, interfered with Plaintiff's access to the "**BIG LOTS STORE #4054**" as set forth in Paragraph 4 above.

Said acts and omissions denied Plaintiff legal handicapped access to the "**BIG LOTS STORE #4054**" according to federal and state law.

13.    Plaintiff's home, in Santa Maria, California, is approximately 1-1/2 miles from the "**BIG LOTS STORE #4054,**" in Santa Maria, California.   Plaintiff travels regularly to Santa Maria for pleasure and/or business.   Plaintiff intends to return to "**BIG LOTS STORE #4054**" in Santa Maria, California when this public accommodation is made accessible.

14.    Plaintiff encountered and/or is informed and believes that the following architectural barriers, which violate the requirements of the *California Code of Regulations* Title 24 and *ADAAG*, existed and continue to exist thereby denying Plaintiff and those similarly situated full and equal access to the subject public facility as set forth in Paragraph 4 above.

15.    Defendants, and each of them, discriminated against Plaintiff **ANNA ESCOBEDO** on the basis of her physical disability, and interfered with her access to the "**BIG LOTS STORE #4054**" establishment, in violation of both California law including, but not limited to, *California Civil Code* §§ 51, 51.5, 54, 54.1, and a violation of Title III, §302, the "Prohibition of Discrimination" provision and §503, the "Prohibition Against Retaliation or Coercion" provision of the ***Americans with***

*Disabilities Act of 1990*.

16.     As a result of the actions and failure to act of defendants, and each of them, and as a result of the failure to provide appropriate accessible parking, proper signage, proper accessible entryways, and accessible accommodations, Plaintiff **ANNA ESCOBEDO** suffered and will suffer a loss of her civil rights to full and equal access to public facilities, and further suffered and will suffer emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with a physical disability being denied access to a public accommodation, all to her damages as prayed hereinafter in an amount within the jurisdiction of this court.

## I.     FIRST CAUSE OF ACTION:
VIOLATION OF ***THE AMERICANS WITH DISABILITIES ACT OF 1990***
(42 *USC* §12101 *et seq.*)

17.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 16 of this Complaint and incorporates them herein as if separately repled.

18.     Pursuant to law, in 1990 the United States Congress made findings per 42 *USC* § 12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

19.     Congress stated as its purpose in passing the ***Americans with Disabilities***

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF     -7-

*Act of 1990* (42 *USC* § 12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

20.    As part of the ***Americans with Disabilities Act of 1990***, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 *USC* § 12181 *et seq*.).  Among the public accommodations identified for purposes of this title were "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment."

21.    Pursuant to 42 *USC* § 12182,

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

22.    Among the general prohibitions against discrimination were included in 42 *USC* §12182(b)(1)(A)(i):

> **Denial of participation**.  It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to

participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

23.     Among the general prohibitions against discrimination were included in 42 *USC* §12182(b)(1)(E):

**Association** -- It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

The acts of defendants set forth herein were a violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 *CFR* Part 36 et seq.

24.     Among the general prohibitions against discrimination were included in 42 *USC* § 12182(b)(2)(A)(i) and 42 *USC* § 12182(b)(2)(A)(ii):

**Discrimination.**     For purposes of subsection (a), discrimination includes -

(i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

25.    Plaintiff alleges that constructing the eligibility requirements, policies, practices and procedure for entry to the "**BIG LOTS STORE #4054**" facility by persons with disabilities and their companions as established by the defendants can be simply modified to eliminate disparate and discriminatory treatment of persons with disabilities by properly constructing barrier free access for safe and full and equal enjoyment of the "**BIG LOTS STORE #4054**" as that enjoyed by other people.

26.    The specific prohibition against retaliation and coercion is included in the *Americans With Disabilities Act of 1990* § 503(b) and the *Remedies and Procedures* in § 503(c):

(b) Interference, Coercion, or Intimidation.  - It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.

(c) Remedies and Procedure. - The remedies and procedures available under sections 107, 203, and 308 of this Act shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to Title I, Title II and Title III, respectively.

27.    Among the specific prohibitions against discrimination were included, in 42 *USC* § 12182(b)(2)(a)(iv), "A failure to remove architectural barriers, and communications barriers that are structural in nature, in existing facilities…where such removal is readily achievable;" and (v) "where and entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."  The acts of Defendants set forth herein were a violations of Plaintiff's rights under the "ADA," Public Law 101-336, and the regulations promulgated thereunder, 28 *CFR* Part 36, *et seq*.

28.    The removal of the barriers complained of by Plaintiff as hereinabove

1   alleged were at all times after 1990 "readily achievable."  On information and belief, if

2   the removal of all the barriers complained of here together were not "readily achievable,"

3   the removal of each individual barrier complained of herein was "readily achievable."

4       29.    Per 42 *USC* § 12181(9), "The term 'readily achievable' means easily

5   accomplishable and able to be carried out without much difficulty or expense."  The

6   statute and attendant regulations define relative "expense" in relation to the total financial

7   resources of the entities involved, including any "parent" companies.  Plaintiff alleges

8   that properly repairing each of the items that Plaintiff complains of herein is readily

9   achievable, including, but not limited to, correcting and repairing the items set forth in

10  Paragraph 4 above.

11      The changes needed to remove barriers to access for the disabled were and are

12  "readily achievable" by the defendants under standards set forth under 42 *USC* § 12181

13  of the ***Americans with Disabilities Act of 1990***.  (Further, if it was not "readily

14  achievable" for defendants to remove all such barriers, defendants have failed to make

15  the required services available through alternative methods, although such methods are

16  achievable as required by 42 *USC* §12181(b)(2)(a)(iv), (v).)

17      30.    Pursuant to the ***Americans with Disabilities Act of 1990***, §308 (42 *USC* §

18  12188 *et seq*.), Plaintiff is entitled to the remedies and procedures set forth in the ***Civil***

19  ***Rights Act of 1964*** §204(a), (42 *USC* § 2000a-3(a)), as Plaintiff is being subjected to

20  discrimination on the basis of disability in violation of this title and/or Plaintiff has

21  reasonable grounds for believing that she is about to be subjected to discrimination in

22  violation of ***Americans With Disabilities Act of 1990*** §302.  Plaintiff cannot return to or

23  make use of the public facilities complained of herein for the purpose of entry and

24  provision of goods and service so long as defendants continue to apply eligibility criteria,

25  policies, practices and procedures to screen out and refuse to allow entry and service to

26  persons with disabilities such as Plaintiff's.

27      31.    Defendants', and each of their acts and omissions of failing to provide

28  barrier free handicapped access for Plaintiff, were tantamount to interference, coercion or

intimidation pursuant to ***Americans With Disabilities Act of 1990*** §503(b) (now 42 ***USC*** § 12203):

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.

32.    Per ***Americans With Disabilities Act of 1990*** § 308(a)(1) (now 42 ***USC*** § 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this last section, Plaintiff, on information and belief, alleges that defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to access this public accommodation for the purpose of making a purchase.   Therefore, Plaintiff seeks injunctive relief pursuant to §308(a)(2),

> "…Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modifications of a policy, or provision of alternative methods, to the extent required by this title."

33.    Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the ***Civil Rights Act of 1964*** (42 ***USC*** § 2000a-3(a), and pursuant to federal regulations adopted to implement the ***Americans with Disabilities Act of 1990***, including, but not limited to, an order granting injunctive relief and attorneys' fees.  Such attorneys' fees, "including litigation expenses and costs," are further specifically provided for by §505 of Title III.

## II.    SECOND CAUSE OF ACTION
### BREACH OF STATUTORY PROTECTIONS FOR PERSONS WITH PHYSICAL DISABILITIES (***California Health & Safety Code*** § 19955, *et seq.*)

34.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 31 of this Complaint and incorporate them herein as if separately repled.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    -12-

35.    ***California Health & Safety Code*** § 19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the *Government Code*. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

36.    ***California Health & Safety Code*** § 19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the *Government Code*…" ***California Health & Safety Code*** § 19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of "**BIG LOTS STORE #4054**" and/or of its buildings, were constructed and/or altered after July 1, 1970, and substantial portions of said building had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said public accommodations and/or buildings to be subject to the requirements of Part 5.5, ***California Health & Safety Code*** § 19955, *et seq.*, upon such alteration, structural repairs or additions per ***California Health & Safety Code*** § 19959.

37.    Pursuant to the authority delegated by ***California Government Code*** § 4450, *et seq.,* the State Architect promulgated regulations for the enforcement of these provisions. Effective January 1, 1982, Title 24 of the ***California Administrative Code*** adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the **"BIG LOTS STORE**

**#4054**" occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the *American Standards Association Specifications*, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the *American Standards Association Specifications* and/or those contained in Title 24 of the *California Administrative Code*, (now known as Title 24, *California Code of Regulations*.)

38.    Public facilities, such as "**BIG LOTS STORE #4054**" are public accommodations or facilities within the meaning of *California Health & Safety Code* § 19955, *et seq.*

39.    It is difficult or impossible for persons with physical disabilities who use wheelchairs, canes, walkers and service animals to travel about in public to use stores with the defects set forth in Paragraph 4 above as required by Title 24 of the *California Code of Regulations* and the *Americans with Disabilities Act Access Guidelines (ADAAG)*.    Thus, when public accommodations fail to provide accessible public facilities, persons with physical disabilities are unable to enter and use said facilities, and are denied full and equal access to and use of that facility that is enjoyed by other members of the general public.

40.    Plaintiff **ANNA ESCOBEDO** and other similarly situated persons with physical disabilities whose physical conditions require the use of wheelchairs, canes, walkers and service animals are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the *California Health & Safety Code* § 19955, *et seq.*  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of *California Health & Safety Code* § 19955, *et seq.*

41.    The *California Health & Safety Code* was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the

1    provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the

2    *Government Code*." Such public accommodations are defined to include stores.

3        42.    Plaintiff is further informed and believes that as of the date of filing this

4    Complaint, Defendants have not made accessible the facilities at the subject store as set

5    forth in Paragraph 4 above.

6        43.    Plaintiff **ANNA ESCOBEDO** is informed and believes, and therefore

7    alleges, that Defendants **BIG LOTS STORES, INC., PNS STORES, INC., MIDEB**

8    **NOMINEES, INC., and DOES ONE TO TEN, inclusive**, and each of them, caused the

9    subject buildings constituting "**BIG LOTS STORE #4054**" to be constructed, altered

10   and maintained in such a manner that persons with physical disabilities were denied full

11   and equal access to, within and throughout said buildings and were denied full and equal

12   use of said public facilities, and despite knowledge and actual and constructive notice to

13   such Defendants that the configuration of the store and/or buildings was in violation of

14   the civil rights of persons with physical disabilities, such as Plaintiff. Such construction,

15   modification, ownership, operation, maintenance and practices of such public facilities

16   are in violation of law as stated in Part 5.5, *California Health & Safety Code* § 19955, *et*

17   *seq.*, and elsewhere in the laws of California.

18       44.    On information and belief, the subject building constituting the public

19   facilities of "**BIG LOTS STORE #4054**" denied full and equal access to Plaintiff and

20   other persons with physical disabilities in other respects due to non-compliance with

21   requirement of Title 24 of the *California Code of Regulations* and *California Health &*

22   *Safety Code* § 19955, *et seq*.

23       45.    The basis of Plaintiff's aforementioned information and belief is the various

24   means upon which Defendants must have acquired such knowledge, including, but not

25   limited to, this lawsuit, other access lawsuits, communications with operators of other

26   stores and other property owners regarding denial access, communications with Plaintiff

27   and other persons with disabilities, communications with other patrons who regularly

28   visit there, communications with owners of other businesses, notices and advisories they

1   obtained from governmental agencies through the mails, at seminars, posted bulletins,
2   television, radio, public service announcements, or upon modification, improvement,
3   alteration or substantial repair of the subject premises and other properties owned by
4   these Defendants, newspaper articles and trade publications regarding the ***Americans***
5   ***with Disabilities Act of 1990***  and other access law, and other similar information.  The
6   scope and means of the knowledge of each defendant is within each defendant's
7   exclusive control and cannot be ascertained except through discovery.

8          46.    As a result of Defendants' acts and omissions in this regard, Plaintiff has
9   been required to incur legal expenses and hire attorneys in order to enforce her civil
10  rights and enforce provisions of the law protecting access for persons with physical
11  disabilities and prohibiting discrimination against persons with physical disabilities, and
12  to take such action both in her own interests and in order to enforce an important right
13  affecting the public interest.   Plaintiff, therefore, seeks damages in this lawsuit for
14  recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the
15  ***California Code of Civil Procedure*** § 1021.5.  Plaintiff additionally seeks attorneys' fees
16  pursuant to ***California Health & Safety Code*** § 19953 and ***California Civil Code*** §§ 54.3
17  and 55.

18         47.    Defendants, and each of them, at times prior to and including February 12,
19  2008, and continuing to the present time, knew that persons with physical disabilities
20  were denied their rights of equal access to all portions of this public facility.  Despite
21  such knowledge, Defendants failed and refused to take steps to comply with the
22  applicable access statutes; and despite knowledge of the resulting problems and denial of
23  civil rights thereby suffered by Plaintiff **ANNA ESCOBEDO** and other similarly situated
24  persons with disabilities, including the specific notices referred to in paragraph 43 of this
25  Complaint.  Defendants have failed and refused to take action to grant full and equal
26  access to persons with physical disabilities in the respects complained of hereinabove.
27  Defendants and each of them have carried out a course of conduct of refusing to respond
28  to, or correct complaints about, denial of handicap access.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    -16-

48.    As a result of the actions and failure of Defendants, and each of them, and as a result of the failure to provide proper accessible public facilities, Plaintiff **ANNA ESCOBEDO** was denied her civil rights, including her right to full and equal access to public facilities, was embarrassed and humiliated, suffered physical, psychological and mental injuries and emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with a physical disability being denied access to a public accommodation.

WHEREFORE, Plaintiff prays for damages as hereinafter stated.

## III.    THIRD CAUSE OF ACTION
VIOLATION OF CALIFORNIA'S CIVIL RIGHTS ACTS
(*California Civil Code* §§ 54, 54.1 and 54.3)

49.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 48 of this Complaint and incorporates them herein as if separately repled.

50.    The public facilities above-described constitute public facilities and public accommodations within the meaning of *California Health & Safety Code* § 19955 *et seq.* and were facilities to which members of the public are invited.  The aforementioned acts and omissions of defendants, and each of them, constitute a denial of equal access to and use and enjoyment of these facilities by persons with disabilities, including Plaintiff **ANNA ESCOBEDO**.  Said acts and omissions are also in violation of provisions of Title 24 of the *California Code of Regulations*.

51.    The rights of Plaintiff, the entitlement of Plaintiff to full and equal access and the denial by defendants of such rights and entitlements are set forth in *California Civil Code* §§ 54, 54.1 and 54.3, to wit:

Individuals with disabilities shall have the same right as the…general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places.  *California Civil*

1   *Code* § 54(a).

2          Individuals with disabilities shall be entitled to full and equal access,

3   as other members of the general public, to accommodations, advantages,

4   facilities, and privileges of all common carriers, airplanes, motor vehicles,

5   railroad trains, motor buses, streetcars, boats, or any other public

6   conveyances or modes of transportation (whether private, public, franchised,

7   licensed, contracted, or otherwise provided), telephone facilities, adoption

8   agencies, private schools, hotels, lodging places, places of public

9   accommodation, amusement or resort, and other places to which the general

10  public is invited, subject only to the conditions and limitations established

11  by law, or state or federal regulation, and applicable alike to all persons.

12  *California Civil Code* § 54.1(a).

13         52.   On or about February 12, 2008, Plaintiff **ANNA ESCOBEDO** suffered

14  violations of *California Civil Code* §§ 54 and 54.1 in that she was denied full and equal

15  enjoyment of the goods, services, facilities and privileges of said **BIG LOTS STORE**

16  **#4054**, as set forth in paragraph 4 above.  Plaintiff was also denied full and equal access

17  to other particulars, including, but not limited to, those described hereinabove.  Plaintiff

18  was also denied use of facilities that she was entitled to under Title III of the ***Americans***

19  ***with Disabilities Act of 1990***.

20         53.   As a result of the denial of full and equal enjoyment of the goods, services,

21  facilities and privileges of defendants' **BIG LOTS STORE #4054** due to the acts and

22  omissions of defendants, and each of them, in owning, operating, and maintaining this

23  subject public facility, Plaintiff suffered violations of her civil rights, including, but not

24  limited to, rights under *California Civil Code* §§ 54, 54.1, and 54.3, and has and will

25  suffer physical injury, emotional distress, mental distress, mental suffering, mental

26  anguish, which includes shame, humiliation, embarrassment, anger, chagrin,

27  disappointment and worry, expectedly and naturally associated with a disabled person's

28  denial of full and equal enjoyment of goods, services, privileges, etc., all to her damages

1    as prayed hereinafter in an amount within the jurisdiction of the court. Defendants'

2    actions and omissions to act constituted discrimination against Plaintiff on the sole basis

3    that Plaintiff was physically disabled.

4        54.    Plaintiff seeks damages for the violation of her rights as a disabled person on

5    or about February 12, 2008, according to proof, pursuant to *California Civil Code* § 54.3,

6    including a trebling of all statutory and actual damages, general and special, available

7    pursuant to *California Civil Code* § 54.3(a).

8        55.    As a result of defendants' acts and omissions in this regard, Plaintiff **ANNA**

9    **ESCOBEDO** has been required to incur legal expenses and hire attorneys in order to

10   enforce her rights and enforce provisions of the law protecting the full and equal

11   enjoyment of goods, services, facilities, privileges of public facilities by the disabled, and

12   those individuals associated with or accompanied by a person with disabilities, and

13   prohibiting discrimination against the disabled. Plaintiff, therefore, seeks recovery in this

14   lawsuit for all reasonable attorneys' fees incurred pursuant to the provisions of *California*

15   *Civil Code* § 54.3.    Additionally, Plaintiff's lawsuit is intended not only to obtain

16   compensation for damages to Plaintiff, but also to compel the defendants to make their

17   goods, services, facilities and privileges available and accessible to all members of the

18   public with physical disabilities, justifying public interest attorneys' fees pursuant to the

19   provisions of *California Code of Civil Procedure* § 1021.5.

20       56.    The acts and omissions of defendants in failing to provide the required

21   accessible facilities subsequent to the enactment date and compliance date of the

22   ***Americans with Disabilities Act of 1990***, and refusal to make remedial modifications and

23   alterations to its accessible parking, signage, pathways, and other elements as

24   hereinabove stated, after being notified by patrons before and after the time of Plaintiff's

25   visit, on or about February 12, 2008, and all times prior thereto with the knowledge that

26   persons with disabilities would enter defendants' premises, the reason given therefor, was

27   an established policy, practice and procedure of refusing and denying entry, thereby

28   denying services to a person with disabilities and the companions thereof, evidence

1   malice and oppression toward Plaintiff and other disabled persons.

2       57.    Defendants have failed to establish a nondiscriminatory criteria, policy,

3   practice and procedure for entry into said "**BIG LOTS STORE #4054**" as hereinabove

4   described.

5       58.    As a result of defendants' continuing failure to provide for the full and equal

6   enjoyment of goods, services, facilities and privileges of said "**BIG LOTS STORE**

7   **#4054**" as hereinabove described, Plaintiff has continually been denied her rights to full

8   and equal enjoyment of the subject store, as it would be a "futile gesture" to attempt to

9   patronize said "**BIG LOTS STORE #4054**" with the discriminatory policy in place as

10  hereinabove described.

11      59.    The acts and omissions of defendants as complained of herein in failing to

12  provide the required accessible facilities subsequent to the enactment date and

13  compliance date of the *Americans with Disabilities Act of 1990* and refusal to make

14  remedial modifications and alternations to the architectural barriers as stated herein and

15  in failing to establish practices, policies and procedures to allow safe access by persons

16  who are disabled are continuing on a day-to-day basis to have the effect of wrongfully

17  and willfully excluding Plaintiff and other members of the public who are physically

18  disabled, from full and equal enjoyment of the subject "**BIG LOTS STORE #4054**" as

19  hereinabove described.  Such acts and omissions are the continuing cause of humiliation

20  and mental and emotional suffering of Plaintiff in that these actions continue to treat

21  Plaintiff as an inferior and second class citizen and serve to discriminate against her on

22  the sole basis that she is a physically disabled.  Plaintiff is unable, so long as such acts

23  and omissions of defendants continue, to achieve full and equal enjoyment of the goods

24  and services of said "**BIG LOTS STORE #4054**" as described hereinabove.  The acts of

25  defendants have legally caused and will continue to cause irreparable injury to Plaintiff if

26  not enjoined by this court.

27      60.    Wherefore, Plaintiff asks this court to preliminarily and permanently enjoin

28  any continuing refusal by defendants to permit entry to said "**BIG LOTS STORE**

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    -20-

**#4054**" and to serve Plaintiff or others similarly situated, and to require defendants to comply forthwith with the applicable statutory requirements relating to the full and equal enjoyment of goods and services as described hereinabove for disabled persons. Such injunctive relief is provided by *California Civil Code* § 55. Plaintiff further requests that the court award statutory costs and attorneys' fees to Plaintiff pursuant to *California Civil Code* § 55 and *California Code of Civil Procedure* § 1021.5, all as hereinafter prayed for.

WHEREFORE, Plaintiff prays for compensatory damages, reasonable attorneys' fees and costs of suit, as allowed by statute and according to proof.

## IV.    FOURTH CAUSE OF ACTION
VIOLATIONS OF *UNRUH CIVIL RIGHTS ACT*
(*California Civil Code* §§ 51 and 51.5)

59.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 58 of this Complaint and incorporates them herein as if separately repled.

60.    Defendants' acts and omissions as specified with regard to the discriminatory treatment of Plaintiff **ANNA ESCOBEDO** on the basis of her physical disabilities, have been in violation of *California Civil Code* §§ 51 and 51.5, the *Unruh Civil Rights Act*, and have denied to Plaintiff her rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

61.    *California Civil Code* § 51 also provides that "[a] violation of the right of any individual under the *Americans with Disabilities Act of 1990* (Public Law 101-336) shall also constitute a violation of this section."

62.    *California Civil Code* § 51.5 also provides that "[n]o business establishment of any kind whatsoever shall discriminate against, boycott, or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, disability of the person or of the person's partners, members,

1  stockholders, directors, officers, managers, superintendents, agents, employees, business

2  associates, suppliers, or customers."

3      63.    As a result of the violation of Plaintiff's civil rights protected by *California*

4  *Civil Code* §§ 51 and, 51.5, Plaintiff is entitled to the rights and remedies of *California*

5  *Civil Code* § 52, including a trebling of actual damages (defined by *California Civil*

6  *Code* § 52(h) to mean "special and general damages"), as well as reasonable attorneys'

7  fees and costs, as allowed by statute, according to proof.

8      WHEREFORE, Plaintiff prays that this court award damages and provide relief as

9  follows:

10  **PRAYER FOR RELIEF**

11      Plaintiff prays that this court award damages and provide relief as follows:

12      1.    Grant injunctive relief requiring that defendants establish a non-

13  discriminatory criteria policy, practice and procedure permitting entry into the **BIG**

14  **LOTS STORE #4054** in Santa Maria, California, for the purpose of obtaining the goods

15  and services accorded therein according to *California Civil Code* §§ 51, 51.5, 52, 54,

16  54.1, 54.3, *et seq*., and Title III of the *Americans with Disabilities Act of 1990*, and grant

17  injunctive relief requiring that Defendants repair and render safe to disabled persons, and

18  otherwise make accessible, all public areas of the store, including, but not limited to, all

19  barriers to access set forth in Paragraph 4 of this Complaint, and to make all such

20  facilities "readily accessible to and usable by individuals with disabilities," according to

21  the standards of Title 24 of the *California Administrative Code*, *California Health &*

22  *Safety Code* § 19955 *et seq*., and Title III of the *Americans with Disabilities Act of 1990*

23  and the standards of *ADAAG*; and prohibiting operation of the **BIG LOTS STORE**

24  **#4054**, located in Santa Maria, California, as a public facility until Defendants provide

25  full and equal enjoyment of goods and services as described hereinabove to physically

26  disabled persons, including Plaintiff;

27      2.    General damages according to proof;

28      3.    Statutory and "actual" damages, including general damages and special

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    -22-

damages, according to proof, pursuant to *California Civil Code* §§ 52, and 54.3, and that these damages be <u>trebled</u>;

    4.    Prejudgment interest on all compensatory damages;

    5.    Remedies and Procedures available under *Americans with Disabilities Act of 1990* §§ 107, 203 and 308;

    6.    Award Plaintiff all litigation expenses, all costs of this proceeding and all reasonable attorneys' fees as provided by law, including, but not limited to, those recoverable pursuant to the provisions of *California Civil Code* §§ 52, 54.3, and 55, *California Code of Civil Procedure* § 1021.5, and *Americans with Disabilities Act of 1990* §308 of Title III; and

    7.    Grant such other and further relief as the court may deem just and proper.

**SINGLETON LAW GROUP**

Dated:    March 14, 2008      /s/ Richard E. Grabowski
                          Richard E. Grabowski,
                          Jason K. Singleton, Attorneys for
                          Plaintiff, **ANNA ESCOBEDO**

## <u>REQUEST FOR JURY TRIAL</u>

Plaintiffs hereby request a jury for all claims for which a jury is permitted.

**SINGLETON LAW GROUP**

Dated:    March 14, 2008      /s/ Richard E. Grabowski
                          Richard E. Grabowski,
                          Jason K. Singleton, Attorneys for
                          Plaintiff, **ANNA ESCOBEDO**

UNITED STA  ; DISTRICT COURT, CENTRAL DISTRIC   ' CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

ANNA ESCOBEDO

**DEFENDANTS**
BIG LOTS STORES, INC., an Ohio corporation, dba BIG LOTS
STORE #4054, PNS STORES, INC., a California corporation, MIDEB
NOMINEES, INC., a Nevada corporation, and DOES ONE TO TEN,

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)
SINGLETON LAW GROUP   707-441-1177
611 L Street, Suite A
Eureka, CA 95501

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S.
                                     Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship
                                     of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC §1331, Violations of the Americans With Disabilities Act of 1990 (42 USC §12101, et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☑ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (07/05)                     CIVIL COVER SHEET                     Page 1 of 2

CV08-01874

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT, CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  **RELATED CASES:**  Have any cases been previously filed that are related to the present case? ☑ No    ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

    SANTA BARBARA

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
    PNS - OHIO
    MIDEB - LOS ANGELES
    BIG LOTS - OHIO

List the California County, or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

    SANTA BARBARA

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** *Richard C. Liebowski*         Date        3/14/08

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |